IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JARROD WILLIAMS,                    )
                                    )
                    Plaintiff,      )
                                    )
vs.                                 )        Case Number CIV-19-393-C
                                    )
W.H. BRAUM, INC.,                   )
                                    )
                    Defendant.      )

## MEMORANDUM OPINION

Plaintiff filed the present action following his termination from employment with Defendant.  According to Plaintiff, his termination violates the provisions of the Family and Medical Leave Act, 29 U.S.C. § 2611 ("FMLA").  Plaintiff also asserts Defendant retaliated against him for taking leave under the FMLA.  Asserting that the undisputed material facts demonstrate that Plaintiff was not entitled to protection by the FMLA or retaliated against for exercising rights under that Act, Defendant has filed the present motion seeking summary judgment in its favor.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact."  Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  The movant bears the initial burden of demonstrating the absence of

material fact requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324.   Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).  "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

As required at this stage, the following facts are viewed in the light most favorable to Plaintiff:

Plaintiff was employed by Defendant in its warehouse working from approximately 4:30 p.m. to 6:00 a.m. the next morning.  On June 30, 2017, Plaintiff suffered a workplace injury when a rack tipped over.  Plaintiff notified his Shift Supervisor (Schneider) of the

incident and finished his work shift.  At the end of the shift, Plaintiff completed an incident report.  The next afternoon, Plaintiff decided that he needed medical care for the injury. He went to St. Anthony Hospital where he was evaluated and released to return to work with restriction.  Plaintiff did not work on July 1.  Plaintiff reported for his shift on July 2 and presented his restrictions to his Shift Supervisor (Dartez).  Mr. Dartez was unaware that the restrictions were the result of a work injury and told Plaintiff that there was no work he could do with those restrictions.  Plaintiff did not work on July 2 and then began a previously scheduled vacation, which ended July 7.  Plaintiff was off work on July 8 and 9 with his next shift scheduled to begin July 10.  Plaintiff did not report for work or contact Defendant on July 10.  On July 11 Plaintiff sought treatment from an orthopedic physician for his shoulder injury.  The physician requested Plaintiff's worker's compensation claim number.  Plaintiff then contacted Defendant to obtain that information.  After learning that Plaintiff was seeking treatment for an on-the-job injury, Defendant directed Plaintiff to see its physician.  Defendant's physician released him to return to work with restrictions.  On July 24, Plaintiff spoke with Mr. Templeman, the plant manager, who informed him he had been terminated for attendance issues.

Following his termination, Plaintiff brought the present action asserting claims for interference with his FMLA rights and retaliation for exercise of his FMLA rights.  To establish a claim for interference with FMLA rights, Plaintiff must demonstrate "'that he . . . was entitled to FMLA leave, (2) that some adverse action by the employer interfered

with his . . . right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights.'" <u>Metzler v. Fed. Home Loan Bk. of Topeka</u>, 464 F.3d 1164, 1180 (10th Cir. 2006) (citation omitted). Defendant concedes for purposes of summary judgment that Plaintiff can satisfy the first and second element. As for the third, Defendant argues that Plaintiff cannot demonstrate his termination was related to his attempted exercise of FMLA leave. However, Defendant's argument in this regard relies solely on its version of the facts surrounding Plaintiff's absence from work. While a reasonable jury may determine that Plaintiff's facts are unsupportable, the Court may not make those credibility determinations. At this stage, Plaintiff has demonstrated a dispute of fact regarding Defendant's awareness that his absences were due to a serious medical condition. Thus, Defendant's termination for absences occurring as a result of that serious medical condition would be an interference with FMLA rights. Defendant's Motion will be denied on this issue.

Plaintiff also claims that he was retaliated against for taking FMLA leave. To establish a retaliation claim, Plaintiff must demonstrate that he engaged in protected activity, that the Defendant took an action that a reasonable employee would have found materially adverse, and that there was a causal connection between the protected activity and the adverse action. <u>Metzler</u>, 464 F.3d at 1171. Once again, Defendant concedes the first two elements but argues that Plaintiff cannot satisfy the third. Defendant asserts that to satisfy the third element, Plaintiff must show that "but for" his use of FMLA leave he

would not have been terminated.  Assuming, without deciding, that the Tenth Circuit would impose a "but for" requirement, Defendant's Motion fails.  As noted above, Defendant's arguments are premised on a view of the facts that favors its position and requests the Court to ignore the contrary version offered by Plaintiff.  While Plaintiff's position is less than compelling, the Court must view the facts in the light most favorable to him.  Under that standard, a reasonable jury could find that Plaintiff was terminated for exercising his right to be absent due to a serious medical condition.  That termination would be in violation of the FMLA.  Defendant's Motion will be denied on this issue.

For the reasons set forth herein, Defendant W.H. Braum, Inc.'s, Motion for Summary Judgment (Dkt. No. 31) is DENIED.

IT IS SO ORDERED this 20th day of April, 2020.

ROBIN J. CAUTHRON
United States District Judge